NOT DESIGNATED FOR PUBLICATION

No. 128,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDI L. ALEXANDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

HILL, J.:  Brandi L. Alexander challenges the criminal history score used by the district court in determining her sentence. She contends the law excludes prior crimes from counting in a criminal history score if they are an element of the primary crime of conviction. After reviewing the record and the law on this subject, we hold that Alexander is trying to stretch a statutory exception too far and make it apply when it does not. We deny her any relief and affirm.

1

*Alexander agreed to plead guilty to a reduced charge.*

The State initially charged Alexander with single counts of aggravated burglary, aggravated escape from custody, and misdemeanor battery for crimes committed in July 2024. The parties made a plea agreement: The State amended the aggravated burglary charge to burglary; in exchange, Alexander pleaded guilty to the reduced offense and to the other two crimes as they were initially charged. The plea agreement also reflected that the State would ask the district court to revoke Alexander's probation in a separate case in which Alexander was convicted of aggravated endangering a child.

Her presentence investigation report listed Alexander's burglary conviction as her primary offense and her criminal history score as D. Before sentencing, Alexander challenged her criminal history score. She argued that her prior conviction for aggravated child endangerment was an element of her current conviction for aggravated escape from custody.

She clarified this argument at sentencing by explaining her line of reasoning. She said that her prior aggravated child endangerment conviction was used to prove an element of her current conviction for aggravated escape from custody. And her aggravated escape from custody conviction served as the specific intent element for her present burglary conviction. Thus, because her prior aggravated child endangerment was used to prove the aggravated escape from custody and essentially made up an element of that offense, use of the aggravated escape from custody necessarily also relied on the aggravated child endangerment. Ultimately, she argued, her aggravated child endangerment was an element of her primary crime of conviction (burglary), so it could not be counted toward her criminal history score.

The State countered that Alexander erroneously calculated this by using her aggravated escape from custody conviction as the primary crime of conviction. It was not; burglary was her primary crime of conviction. But using the correct crime of conviction (burglary), the aggravated escape from custody conviction was used to prove an element, but the aggravated child endangerment was not.

The district court adopted the State's argument and overruled Alexander's objection. Alexander was then sentenced according to a criminal history score of D.

Ultimately, the district court sentenced Alexander to serve concurrent sentences: 24 months in prison for burglary, 8 months in prison for aggravated escape from custody, and 6 months in jail for battery. The court applied Special Rule 9 because Alexander committed her current crimes while she was on probation. Thus, the court ordered imprisonment despite the presumption being probation and ordered Alexander to serve her sentences in this case consecutive to all other sentences. The district court also revoked Alexander's probation in her child endangerment case.

In this appeal, Alexander claims an exception to the general rule that requires all prior convictions to be counted as a part of a defendant's criminal history score. See K.S.A. 21-6810(a). In her view, K.S.A. 21-6810(d)(10) applies to her aggravated child endangerment conviction. That statute excludes prior crimes from counting toward a criminal history score if they constitute an element of the primary crime of conviction. By applying that exception, she claims her criminal history score is H. She thus asks to be resentenced accordingly.

In response, the State contends that Alexander misinterprets the law and is improperly trying to extend the exception found in K.S.A. 21-6810(d)(10) to her burglary conviction, which is her primary crime of conviction.

*A review of the sentencing process is helpful at this point.*

Criminal sentences in Kansas are mostly governed by the Revised Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., and their length is determined by the severity level of the crime and the criminal history of the offender. Our sentencing grids reflect nine categories at the top of each grid, extending from A to I. Category A offenders have three or more prior felony convictions designated as person crimes. Category I offenders have no prior convictions or only one misdemeanor conviction. K.S.A. 21-6809. A criminal history score then is a summation of all the offender's convictions prior to the crime for which the offender is being sentenced. See K.S.A. 21-6803(d).

Next, in a multiple conviction case, such as this one, the sentencing judge establishes a base sentence for the primary crime of conviction. The primary crime is the crime with the highest severity level. K.S.A. 21-6819(b)(2). In Alexander's case, the primary crime was burglary. For all other convictions, the sentencing judge must use a criminal history score of I when it is establishing the sentence for those convictions. K.S.A. 21-6819(b)(5). Applying that rule here means that, for Alexander's aggravated escape from custody charge, the court had to use a criminal history score of I when it determined her sentence for that conviction.

Finally, Alexander claims a statutory exception applies in her case. K.S.A. 21-6810(d)(10) provides:  "Prior convictions of any crime shall not be counted in determining the criminal history category if they . . . are elements of the present crime of conviction."

*Alexander's argument is unpersuasive.*

Alexander's argument improperly extends the statute's exclusion of certain prior convictions from being counted in computing a criminal history score. In our view, the

statute, K.S.A. 21-6810(d)(10), is clear and does not contemplate the application that Alexander requests.

Alexander's primary crime was burglary. Under K.S.A. 2024 Supp. 21-5807(a)(1)(A), the elements of that offense are: (1) knowingly entering a dwelling; (2) without authority; and (3) with the intent to commit a felony. See *State v. Gleason*, 277 Kan. 624, 632, 88 P.3d 218 (2004). The State alleged that Alexander committed this offense with the intent of committing an aggravated escape from custody. That charge required proof that Alexander escaped while charged, convicted of, or arrested for a felony. See K.S.A. 21-5911(b)(1)(A).

We frankly see no logical connection between the elements of Alexander's prior aggravated child endangerment conviction and the elements of burglary, her primary crime of conviction in this case.

A recent case guides our reasoning. The defendant in *State v. Steele-Ponds*, No. 128,246, 2025 WL 2017250 (Kan. App.) (unpublished opinion), *rev. denied* 321 Kan. 794 (2025), raised a similar argument. That, too, was a multiple-convictions case where the defendant argued his prior aggravated robbery conviction constituted an element of two of his current crimes. The panel clarified that the statute refers to the primary crime of conviction, which establishes the base sentence. 2025 WL 2017250, at *2. We agree.

Alexander's argument contains a similar error as the one in *Steele-Ponds*. She treats the wrong crime of multiple crimes as the primary crime of conviction for purposes of determining which crimes may be excluded from the criminal history score calculation. She attempts to draw connections between the other convictions and the primary crime of conviction but fails to do so. Her perceived connections are too tangential to be valid.

We see no reason to change Alexander's criminal history score.

Affirmed.